IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREGORY C. JONES, ) <br> ) <br> Defendant. ) | Case No. 2:03-cr-20042-JPM-dkv |

**ORDER FINDING GOOD CAUSE TO EXTEND TIME TO APPEAL UNDER FEDERAL RULE OF APPELLATE PROCEDURE 4(B)(4)**

On August 21, 2023, the Sixth Circuit remanded this case "for the limited purpose of allowing the district court to determine whether Jones has shown good cause for an extension of the time to appeal" this Court's denial of Jones' compassionate release. United States v. Jones, No. 23-5375 (6th Cir. August 21, 2023).

The Court entered an Order to Show Cause. (ECF No. 188.) While the order was initially returned as undeliverable, Defendant timely responded. (ECF Nos. 190-192.) Defendant has also made efforts to provide the Clerk's office with his current address. (See, e.g. ECF Nos. 188, 192.)

"Good cause will be found where forces beyond the control of the appellant prevented [them] from filing a timely notice of appeal." Proctor v. Northern Lakes Community Health, 560 F. App'x 453, 457 (6th Cir. 2014) (quoting Nicholson v. City of Warren, 467 F.3d 525, 526 (6th Cir. 2006)). Excusable neglect is determined through a five-part balancing test which

considers 1) the danger of prejudice to the nonmoving party; 2) the length of the delay and its potential impact on judicial proceedings, 3) the reason for the delay, 4) whether the delay was within the reasonable control of the moving party, and 5) whether the late-filing party acted in good faith.  Stutson v. United States, 516 U.S. 193, 195-97 (1996).

Here, Defendant asserts that he was transferred between the time his compassionate release petition and the Court entered its Order.  (ECF No. 192 at PageID 844.)  Defendant states that he did not receive the Court's order, and was notified "on March 30, 2023, while speaking with the Sixth Circuit Court of Appeals Case Manager" that this Court had entered an order.  (ECF No. 192 at PageID 844.)  Defendant asserts that when he received the Order on Thursday, April 16, 2023, it was addressed to United States Penitentiary Coleman (in Florida), not his current residence at United States Penitentiary McCreary (in Kentucky).  (ECF No. 192 at PageID 844.)  Defendant filed his Appeal three days later, on April 19, 2023.

Here, given "the lack of the prejudice to the Government due to the short length of the delay, the fact that the delay was outside of [Defendant's] control," and the fact that Defendant filed in good faith immediately after receipt of the order (though over fourteen days after notification of the order), Jones has established good cause and excusable neglect. United States v. Jones, 2021 WL 1883932 (N.D. Ohio, May 11, 2021). Accordingly, Jones is **GRANTED** the requested retroactive extension of time to file an appeal.

**SO ORDERED**, this 4th day of September, 2024.

                                          */s/ Jon P. McCalla*
                                          JON P. McCALLA
                                          UNITED STATES DISTRICT JUDGE